# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| MICHAEL DEASY, a Colorado resident, | ) |
| | ) |
| v. | ) |
| | ) |
| OPTIMAL HOME CARE, Inc., a Colorado corporation | ) ) ) |

## COMPLAINT AND JURY DEMAND

Plaintiff, Michael Deasy ("Mr. Deasy"), through counsel, states the following as his Complaint and Jury Demand ("Complaint") against Optimal Home Care, LLC ("Optimal").

## SUMMARY OF THE ACTION

This is an action for unpaid overtime under the Fair Labor Standards Act (the "FLSA"). Optimal is a home health care agency located in Denver, Colorado. Optimal employs Mr. Deasy as a licensed practical nurse ("LPN") to provide in-home medical care to Optimal's patients. Optimal pays Mr. Deasy by the home visit. Mr. Deasy routinely works over forty hours per week, but Optimal does not pay Mr. Deasy the overtime rate for the hours he works over forty in a workweek. The failure to pay Mr. Deasy at one-and-one-half times the regular rate for hours over forty in a workweek is a plain violation of the FLSA. Therefore, Mr. Deasy brings this action seeking unpaid wages, interest, liquidated damages, attorney fees, and all other relief permitted.

## PARTIES

1. Michael Deasy is a Colorado resident. Since February 2015, he has worked as a LPN for Optimal.

2. Optimal Home Care, Inc. is a Colorado corporation with its principal place of business in Denver, Colorado. According to its website, Optimal is an agency that provides home health care services in the counties of Boulder, Broomfield, Larimer, Weld, Adams, Arapahoe, Denver, Douglas, Gilpin, Jefferson, El Paso, Elbert, Freemont, Pueblo, and Teller. Optimal is an "employer" under 29 U.S.C. § 203(d), an "enterprise" under 29 U.S.C. § 203(r), and is "engaged in commerce" under 29 U.S.C. § 203(s)(1).

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over this action under 28 U.S.C. § 1331 because it arises under the laws of the United States.

4. Venue is proper because a substantial part of the events or omissions giving rise to the claim occurred in this District, and Optimal is subject to personal jurisdiction in Colorado.

**FACTUAL ALLEGATIONS**

5. Since February 2015, Mr. Deasy has worked for Optimal as a LPN. In that capacity, Mr. Deasy provides in-home medical treatment to Optimal's patients.

6. Optimal schedules the home visits and provides Mr. Deasy with a schedule on a daily basis.

7. Visits are recorded electronically. This includes such details as when Mr. Deasy arrives and departs each patient's home.

8. During his tenure with Optimal, Mr. Deasy has averaged approximately 19 home visits per day. Indeed, in 2015 Mr. Deasy received an award from Optimal for making the most home visits of any employee in the company.

9. Mr. Deasy is paid on a piecework basis a fixed amount per home visit.

10. Mr. Deasy's hours regularly exceed forty during a workweek.

11. Under the FLSA, the regular rate of pay for an employee paid on a piecework basis is obtained by dividing the total weekly earnings by the total number of hours worked in that week. The employee is entitled to an additional one-half times this regular rate for each hour over forty, plus the full piecework earnings.

12. While Optimal pays Mr. Deasy his full piecework earnings, it fails to pay Mr. Deasy one and-one-half times his regular rate for each hour he works over forty in a workweek.

13. Optimal also fails to pay Mr. Deasy for preparation time and charting time.

14. All conditions precedent to the filing of this action have been satisfied.

## CLAIM FOR RELIEF
### (Violation of the FLSA)

15. Mr. Deasy incorporates by reference the allegations set forth in paragraphs 1-14 as if fully set forth in this Claim for Relief.

16. Optimal is an "employer" as that term is defined in 29 U.S.C. § 203(d).

17. Optimal is an "enterprise engaged in commerce" as that phrase is defined in 29 U.S.C. § 203(s)(1).

18. Optimal employs Mr. Deasy as a LPN.

19. 29 U.S.C. §207(1) provides: "Except as otherwise provided in this section, no employer shall employ any of his employees, who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

20. As set forth in detail above, Optimal violated 29 U.S.C. § 207(1) by failing to pay Mr. Deasy one-and-one-half times his regular rate for each hour he works over forty in a workweek.

21. Optimal also violated 29 U.S.C. 207(1) by failing to ay Mr. Deasy for charting time and for preparation time.

22. Because of Optimal's violations of 29 U.S.C. § 207(1), Mr. Deasy has suffered injury and damages in an amount to be proven at trial.

## JURY DEMAND

Mr. Deasy demands a jury trial on all claims or issues so triable.

## PRAYER FOR RELIEF

ACCORDINGLY, Mr. Deasy requests judgment in his favor, and against Optimal for the following:

A. Unpaid back wages at the applicable overtime rate for each hour worked over forty;

B. Unpaid back wages for charting time and preparation time.

C. An equal amount to the wage damages as liquidated damages;

D. Pre- and post-judgment interest at the statutory rate;

E. Costs, expenses, and attorneys' fees incurred in connection with this action;

F. Equitable relief, not otherwise requested in this Prayer for Relief; and

G. Such other and further relief as this Court deems just and proper.

Respectfully submitted this 30th day of January, 2017.

                                                ANDERSON BARKLEY, LLC

                                                *A duly signed copy is on file at the*
                                                 *offices of Anderson Barkley, LLC*

                                               *s/ Richard P. Barkley*
                                               Richard P. Barkley, #17161