**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger**

Civil Action No. 17-cv-00287-MSK-CBS

MICHAEL DEASY,

    Plaintiff,

v.

OPTIMAL HOME CARE, INC.,

    Defendant.

_____

**OPINION AND ORDER GRANTING MOTION FOR DAMAGES AND MOTION FOR
POST-JUDGMENT INTEREST**
_____

**THIS MATTER** comes before the Court pursuant to Mr. Deasy's Motion for Damages **(# 79)** and the Defendant's ("Optimal") response **(# 85)**; and Mr. Deasy's Motion for Post-Judgment Interest **(# 80)**, and Optimal's response **(# 86)**.

The Court assumes the reader's familiarity with the proceedings to date. It is sufficient to note that, on November 29, 2018, a jury returned a verdict in favor of Mr. Deasy, in the amount of $23,321.38, on Mr. Deasy's claim for unpaid overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207. The instant motions followed.

    **A. Liquidated damages**

The FLSA provides generally that an employee who prevails on a claim for unpaid overtime is also entitled to "an additional equal amount [of the unpaid wages] as liquidated damages." 29 U.S.C. § 216(b). The Act provides employers with a limited affirmative defense: an employer who shows, by a preponderance of the evidence, that its failure to pay required

1

overtime was "in good faith and that [the employer] had reasonable grounds for believing that [its] act or omission was not a violation" may avoid the imposition of the liquidated damages. 29 U.S.C. § 260. The defense has two components: (i) a showing of subjective good faith by the employer – that is, that the employer had "an honest intention to ascertain and follow the dictates of the FLSA"; and (ii) a showing that, objectively, the employer had a reasonable basis for its belief that the employee was exempt from overtime requirements. *Dept. of Labor v. City of Sapulpa*, 30 F.3d 1285, 1289 (10th Cir. 1994). Even if the employer makes both showings, the Court retains the discretion to award the liquidated damages nonetheless. *Pabst v. Oklahoma Gas & Elec. Co.*, 228 F.3d 1128, 1136 (10th Cir. 2000).

Assuming, for purposes of this ruling, that Optimal <u>subjectively</u> attempted in good faith to comply with the FLSA, the Court nevertheless finds insufficient evidence that its belief that Mr. Deasy was exempt from the FLSA's requirements was <u>objectively</u> reasonable. Optimal does not contend that it engaged in the types of conduct that have typically been found sufficient to establish the defense in other cases – *e.g.* that it discussed the issue with counsel, sought a formal opinion letter from any state or federal Department of Labor, or otherwise specifically consulted with experts in the field. *See e.g. Pabst*, 228 F.3d at 1136-37; *Sanders v. Elephant Butte Irr. Dist.*, 112 F.3d 468, 471 (10th Cir. 1997); *Doty v. Elias*, 733 F.2d 720, 726 (10th Cir. 1984).

Instead, Optimal relies entirely on the affidavit of Eric Ehrle, its Human Resources Coordinator. Mr. Ehlre states only that in 2015, he "attended a webinar" put on by various agencies, including the Colorado Department of Labor and Employment, that "provided information about the application of the [FLSA] to Colorado Home Care and Hospice Agencies." Optimal's reliance on Mr. Ehrle's attendance at the webinar is problematic for several reasons. First, the webinar occurred in July 2015, more than a year and a half after Mr. Deasy began

2

working for Optimal; thus, the advice Mr. Ehrle received at the webinar cannot possibly have constituted an objectively-reasonable basis for Optimal to fail to pay overtime to Mr. Deasy prior to July 2015.

Second, the webinar – or, at least, the explanatory slides that are the only evidence in the record of its contents – was primarily focused on informing health care employers of "new federal regulations" whose "main purpose" was to "bring home care workers under protection of FLSA"; in other words, the thrust of the webinar was to inform health care employers that the Department of Labor was <u>tightening</u>, not loosening, its rules regarding overtime exemptions. Optimal points to a single slide that explains that "medically related services" (*c.f.* "companionship" services that were the primary subject of the webinar) were "unchanged" by the new rulemaking, and that "nurses are still exempt from the FLSA's wage requirements <u>where their time is spent in the performance of the duties of a nurse and are paid on a salary or a 'fee basis' as defined by regulations 29 C.F.R.Part 541</u>." (Emphasis added.) Optimal's alleged reliance on just the un-emphasized portion of the slide – "Nurses are still exempt" – is unreasonable given that a simple review of the remainder of the quoted text and review of the cited regulations would have revealed that the slide was only partially-correct. 29 C.F.R. § 541.301(e)(2) unambiguously explains that "registered nurses . . . generally meet the duties requirements for the learned professional exemption," but that "licensed practical nurses," such as Mr. Deasy, "<u>generally do not qualify as exempt</u>." (Emphasis added.)  Thus, the Court cannot say that Mr. Ehrle's reliance on an ambiguous statement about "nurses" on the slide was objectively reasonable, particularly where there is no evidence that Mr. Ehrle even consulted the source material cited in the slide.

Third, there is evidence in the record that further undercuts the reasonableness of any belief that Optimal may have had about Mr. Deasy's exempt status. Exhibit 34, admitted during trial, is the affidavit of Edwin Vergerire, Optimal's President. Mr. Vergerie acknowledges that as of November 2014, he was aware that Mr. Deasy's prior employer, RGA, had been "cited by the Department of Labor for not paying overtime wages for non-exempted [Licensed Practical Nurses]." Thus, even if Mr. Ehrle believed, because of the webinar, that <u>all</u> nurses were FLSA-exempt, Mr. Vergerie knew otherwise. At that point, it was incumbent upon Optimal to investigate the issue further, rather than to simply assume that Mr. Ehrle's information was correct and Mr. Vergerie's was not.

Finally, to the extent that Optimal continues to rest on the theory it urged at trial – that Mr. Deasy was something more than a mere Licensed Practical Nurse, such that his skills were more akin to those of a Registered Nurse – Optimal has offered no evidence whatsoever to demonstrate that such an unorthodox theory was, itself, objectively reasonable. In light of the crystal-clear provisions of 29 C.F.R. § 541.301(e)(2), any reasonable employer that nevertheless believed that its Licensed Practical Nurse could somehow be deemed FLSA-exempt would have sought to confirm that belief by seeking the advice of counsel or an opinion from the Department of Labor, not simply assuming that it was so. Optimal's failure to do so precludes any finding that it acted in an objectively-reasonable way by failing to pay overtime to Mr. Deasy.

Optimal's remaining arguments on this point – that it paid Mr. Deasy generously or that Mr. Deasy did not object to the arrangement during his employment, among others – are either entirely irrelevant to the elements of the defense or are insignificant in light of the evidence set forth above. Accordingly, the Court finds that Optimal has not carried its burden of showing

good faith under 29 U.S.C. § 260, and thus, Mr. Deasy is entitled to an additional liquidated damage award of $23,321.38.

   **B. Post-judgment interest**

Mr. Deasy requests that any judgment issued by the Court bear post-judgment interest pursuant to 28 U.S.C. § 1961. Optimal offers largely technical objections to the request, but ultimately concedes that post-judgment interest as directed by the statute is appropriate upon entry of judgment. Accordingly, the Court grants Mr. Deasy's motion.

For the foregoing reasons, Mr. Deasy's Motion for Damages **(# 79)** and Motion for Prejudgment Interest **(# 80)** are **GRANTED**. Judgment in favor of Mr. Deasy in the amount of $46,642.76 shall enter contemporaneously with this Order.

Dated this 4th day of January, 2019.

**BY THE COURT:**

_/s/ Marcia S. Krieger_

Marcia S. Krieger
Chief United States District Judge