IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Marcia S. Krieger

Civil Action No. 17-cv-00287-MSK-CBS

**MICHAEL DEASY,**

    Plaintiff,

v.

**OPTIMAL HOME CARE, INC.,**

    Defendant.

___

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR ATTORNEY FEES**
___

**THIS MATTER** comes before the Court pursuant to Mr. Deasy's Motion for Attorney Fees **(# 90)**, the Defendant's ("Optimal") response **(# 100)**, and Mr. Deasy's reply **(# 105)**.

## FACTS

The Court assumes the reader's familiarity with the proceedings to date. In summary, Mr. Deasy alleged **(# 1)** a single claim that, as an employee of Optimal, he was not paid overtime compensation as required by the Fair Labor Standards Act ("FLSA"). Optimal asserted counterclaims against Mr. Deasy, sounding in fraud and negligence, arising out of allegations that Mr. Deasy engaged in misconduct relating to patient records. The Court ultimately dismissed **(# 55, 59, 60)** those counterclaims when he modified his claim for damages relating to the completion of the patient records. The case then proceeded to a jury trial in November 2018. The jury found in favor of Mr. Deasy on his FLSA claim, awarding him approximately $23,000 in damages. Pursuant to 29 U.S.C. § 260, the Court subsequently entered an order **(# 87)** doubling the jury's award, entering judgment in favor of Mr. Deasy in the amount of $46,642.76.

Mr. Deasy now moves **(# 90)** for an award of $267,505.50 in attorney fees and $552.77 in costs pursuant to 29 U.S.C. § 216(b). In response **(# 100)**, Optimal argues: (i) the rates charged by Mr. Deasy for a legal assistant are unreasonable; (ii) certain amounts of time claimed by Mr. Deasy reflected unreasonable duplication of attorney time; (iii) time related to defending against Optimal's counterclaims should not be chargeable against Optimal; (iv) the total claimed by Mr. Deasy should be reduced by 20%; and (v) Mr. Deasy's requested costs should be denied because he did not claim them via a Bill of Costs. In reply, Mr. Deasy increases his demand for fees by $13,902.50, to account for additional attorney time preparing the reply to the motion.

## ANALYSIS

**A. Fees**

29 U.S.C. § 216(b) provides that where the court enters judgment in favor of an employee under the FLSA, that the court shall also "allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action." Attorney fee claims under the FLSA are analyzed under the familiar "lodestar" analysis, by which the Court first determines a presumptive fee award by multiplying the reasonable number of hours expended by counsel and staff by a reasonable hourly rate, and then makes adjustments to that lodestar figure in certain circumstances. *See generally Zina v. Congrove*, 680 F.3d 1236, 1242 (10th Cir. 2012). The burden is on Mr. Deasy, as the party seeking fees, to establish the reasonableness of the hours and rates claimed. *Flitton v. Primary Residential Mortg.*, 614 F.3d 1173, 1176 (10th Cir. 2010).

Turning first to the question of reasonable hourly rates, Mr. Deasy's counsel claims time billed by two attorneys, Richard Barkley and Jeanine Anderson, and one law clerk, Tina Xu. Mr. Barkley's time is billed at $350 per hour and Ms. Anderson's is billed at $325 per hour, and Optimal lodges no challenge against those rates. Ms. Xu, who was a law student until May 2018

and was awaiting the bar exam thereafter, bills her time at $150 per hour. Optimal contends that the rate claimed for Ms. Xu is excessive and contends that a rate of $100 per hour is the maximum reasonable rate for a person of Ms. Xu's qualifications.

The Court agrees with Optimal that the rates charged for paralegal work is an appropriate comparator for the work performed by Ms. Xu, particularly given that much of Ms. Xu's billed work involved collecting and summarizing documents and preparing and revising discovery responses, rather than extensive legal research or drafting legal briefs. Optimal cites to the Colorado Bar Association's 2017 Economics of the Practice of Law Survey for the proposition that paralegals with 1-2 years of experience (Ms. Xu apparently had approximately 2 years of part-time work experience before graduating) are billed at a mean rate of $105 per hour, a median rate of $100 per hour, and that the 75 percentile rate for such employees is $130 per hour. But the mean or median hourly rate does not necessarily reflect the maximum hourly rate that can be deemed "reasonable" for such work; otherwise, some 50% of the law firms would be billing paralegals at "unreasonable" hourly rates. The Court finds that the 75 percentile rate more closely reflects the boundary between hourly rates that are "reasonable" and those that are not. Accordingly, the Court finds that an hourly rate of $130 per hour is the maximum reasonable hourly rate for Ms. Xu's services. It appearing that Ms. Xu billed a total of 180 hours of time, a reduction in her hourly rate from $150 to $130 reduces the amount Optimal claims by $3,600.

Turning to the question of reasonable hours, the Court begins with Optimal's argument that Mr. Deasy's fee claim should be reduced by roughly $40,000 to reflect time that Mr. Deasy spent addressing Optimal's state-law counterclaims; Optimal argues that because such claims "were not related" to Mr. Deasy's FLSA claim, and therefore should not give rise to a fee award.

*Citing Jane L. v. Bangerter*, 61 F.3d 105, 1512 (10th Cir. 1995) (noting that prevailing plaintiffs may claim time spent on "interrelated claims" and that interrelatedness turns on whether the claims share "a common core of facts"). This Court previously determined that, to the extent Mr. Deasy claimed damages arising from time he spent "precharting" patient records, his FLSA claims shared a common core of facts with Optimal's counterclaims. *Docket # 55 at 6-7*. Accordingly, the Court finds that time spent by Mr. Deasy's counsel relating to Optimal's counterclaims is compensable.

The Court also considers Optimal's abbreviated argument that, because Mr. Deasy requested $137,000 in damages prior to trial, and reduced that sum to $92,000 by the time of trial, the jury's ultimate award of only $23,000 in damages reflects a limited degree of success warranting an unspecified reduction in fees. *Citing Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983). The 10th Circuit has rejected the "mechanical approach" of reducing fee claims simply because a plaintiff requested substantially more in damages that he or she ultimately recovered. *Latin v. Bello Trucking, Inc.*, 720 Fed.Appx. 908, 911 (10th Cir. 2017) (rejecting argument that fee award should be reduced because plaintiff recovered only $33,875 after requesting $291,943 in damages), *citing Flitton*, 614 F.3d at 1178 (rejecting argument that reduction was necessary where plaintiff recovered only $354,000 after demanding $27 million). As *Latin* explains, "the key question is whether, in light of the entire litigation, plaintiffs won substantial relief." *Id.* Here, Mr. Deasy's award of $23,000 in damages is indeed significantly less than what he requested from the jury, but the Court cannot say that such a sum is insubstantial. Accordingly, the Court declines to reduce Mr. Deasy's fee request based on his alleged limited success.

Optimal's last remaining argument is that Mr. Deasy's counsel's records reflect duplicative and excessive time entries in various respects, warranting a reduction of nearly

4

$30,000 in fees. The Court need not delve deeply into the specifics of the parties' argument on particular points, such as whether road construction made it take longer for counsel to drive to where a deposition was being held. The Court finds that there is some unnecessary duplication in Mr. Deasy's counsel's billing. For example, Ms. Xu's presence, as a third attorney for Mr. Deasy at trial, was unnecessary given that the case was not particularly complex and could adequately be tried by two experienced counsel. Ms. Xu's presence at trial and at pre-trial courtroom training accounts for roughly 22 hours of unnecessary time.

The Court also agrees with Optimal that the billing records reflect an unusually-large number of entries devoted to discussions among attorneys. For example, in the randomly-selected second half of October 2018, Mr. Barkley billed time for e-mail or telephone conferences with Ms. Anderson or Ms. Xu on 10 different occasions; Ms. Xu also billed at least 10 times[1] during this same period for conferring by e-mail or telephone with Ms. Anderson or Mr. Barkley; Ms. Anderson billed similarly for at least 3 additional occasions. Communication and coordination can be of benefit to a client, particularly when each participant brings something to the conversation that advances the legal theory or strategy. But routine communication among counsel that is part of law office operation or that merely conveys information among multiple professionals working on the matter arguably does not benefit the client. In such cases, it is not reasonable to charge for the time of each participant to the communication. The Court is mindful that Mr. Deasy has represented that his counsel has already reduced their billings by 20% to account for any unnecessary overlap or excess, but the Court is not confident that such a reduction adequately captures the extent of overlap. Because

---

[1] The fact that, for example, Mr. Barkley billed for drafting an e-mail to Ms. Anderson but Ms. Anderson did not bill for reading that same e-mail does not change the analysis.

there are so many billing entries that would require minute adjustments, a wholesale reduction in the fees claimed by Mr. Deasy is a more efficient and effective way to capture the amount of time unreasonably billed to due overlap or excess. The Court finds that an additional $10,000 reduction in fees claimed by Mr. Deasy suffices to account for any duplication or excessive billing.

Accordingly, the Court finds that the $267,505.50 figure initially requested by Mr. Deasy should be reduced by $3,600 to reflect the reduction in Ms. Xu's hourly rates, and an additional $10,000 to reflect unnecessary duplication in attorney time or other unreasonable hours.

The Court also reduces the amount of fees claimed by Mr. Deasy for filing a reply brief, finding that a request for more than 37 hours for that task is excessive. At most, the Court finds that 10 hours of Mr. Barkley's time is reasonable for that task, adding an additional $3,500 in fees. That leaves a lodestar figure of $253,905.50. The parties have not identified any valid grounds for upward or downward adjustments to the lodestar figure, and accordingly, the Court awards Mr. Deasy attorney fees in the amount of $253,905.50.

**B. Costs**

Mr. Deasy requests an award of $552.77 in excess costs relating to this case. Those requests consist of: (i) approximately $65 in costs for "PACER filing and document view fees"; (ii) approximately $300 in mileage and parking costs for Mr. Deasy's counsel for trips to the courthouse for hearings and trials; (iii) approximately $110 for lunches for Mr. Deasy's counsel during trial; and (iv) approximately $60 in unspecified "supplies for trial" and a "HDMI adapter and jump drive to store trial exhibits."

The Court declines to award any of the claimed costs. Although costs such as mileage and parking, meals, PACER fees, and supplies might be reimbursable upon a showing that these

types of costs "are normally billed to a private client in the local area," Mr. Deasy's counsel has not shown, by affidavit or otherwise, that these types of costs are typically billed to private clients in the Denver area. *Vialpando v. Johanns*, 619 F.Supp.2d 1107, 1130 (D.Colo. 2008). Accordingly, the Court denies Mr. Deasy's request for additional costs.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART AND DENIES IN PART** Mr. Deasy's Motion for Attorney Fees **(# 90)**. The Court grants Mr. Deasy attorney fees in the amount of $253,905.50, and denies the motion in all other respects. The Judgment is deemed amended, as of this date, to include an award of attorney fees in the amount of $253,905.50.

Dated this 19th day of June, 2019.

BY THE COURT:

*/s/ Marcia S. Krieger*

Marcia S. Krieger
Senior United States District Judge